# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Nicholas Stephen Wallace,<br>Pascale Marie Wallace,<br><br>Debtors | Chapter 12<br><br>Bankruptcy No. 25-00202 |

**OPINION AND ORDER ON MOTIONS FOR RELIEF FROM STAY**

This matter came before the Court for a telephonic hearing on April 25, 2025, on MidWestOne Bank's Motion for Relief from Stay (Doc. 24) and U.S. Bank National Association's Motion for Relief from Stay (Doc. 48). Debtor Nicholas Wallace appeared personally. Carol F. Dunbar appeared as Chapter 12 Trustee. Attorney Eric Lam appeared for MidWestOne Bank. Attorney Sam King appeared for U.S. Bank National Association. The Court heard argument and took the matter under advisement. Debtors were given until May 2, 2025, to file a responsive brief. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I. STATEMENT OF THE CASE

Debtors filed their Chapter 12 Petition on February 24, 2025. MidWestOne Bank filed its Motion for Relief from Stay, a Memorandum of Authorities (Doc. 25), and a Supplement to Memorandum of Authorities (Doc. 27) on February 28, 2025. The Court scheduled a preliminary hearing on the Motion for March 14, 2025. Debtors filed a Motion to Continue the hearing (Doc. 39) and a Motion for Extension

of Time to File Schedules (Doc. 40) on March 7, 2025. MidWestOne filed a Response (Doc. 41) indicating its consent to the continuance and extension of time. The Court then granted both motions (Docs. 42, 43), giving Debtors until April 10, 2025, to file complete schedules. The hearing was continued and reset for April 18, 2025. On March 17, 2025, U.S. Bank filed its Motion for Relief from Stay, which was set for preliminary hearing on April 4, 2025. Debtors filed a Motion to Continue (Doc. 61), which the Court granted (Doc. 63). The Court then set U.S. Bank's Motion to be heard alongside MidWestOne's on April 18, 2025 (Doc. 64). At the hearing, the Court continued the matters once more and reset the hearing for April 25, 2025 (Doc. 81). MidWestOne then filed a Brief supporting its Motion for Relief from Stay (Doc. 89) on April 24, 2025. The Court took the motions under advisement on April 25, 2025, and gave Debtors until May 2, 2025, to file a responsive brief (Doc. 91). On May 1, 2025, Debtors filed a Motion for Extension of Time to Respond to Creditor MidWestOne Bank's Supplemental Brief (Doc. 93). The Court denied the Motion (Doc. 95), and Debtors did not file a response. Instead, Debtors filed a Motion for Leave to file Sur-reply (Doc. 96).

## II. FINDINGS OF FACT

Before the filing of the instant case, Debtors filed a Chapter 11 Petition on April 10, 2024, case number 24-00315 (the "First Case"). In the Petition, Debtors stated that they were a small business debtor as defined in 11 U.S.C. § 101(51D) and

2

were electing not to proceed under subchapter 5. Debtors later amended the Petition on May 30, 2024. The Amended Petition indicated that that Debtors were choosing to proceed under Subchapter V of Chapter 11. The First Case was later dismissed for cause on October 17, 2024 (First Case Docs. 163 & 164).

### III.   CONCLUSIONS OF LAW/DISCUSSION

The filing of a bankruptcy petition ordinarily operates as an automatic stay of collection activities against the debtor or property of the estate. 11 U.S.C. § 362(a). However, section 362 provides a number of circumstances in which the stay either does not apply or a court must grant relief from the stay. Id. § 362(d).

Both movants initially cited to section 362(n) in support of their motions. That section states that the stay does not apply if the debtor "was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition." Id. § 362(n). The term "small business case" means a chapter 11 case "in which the debtor is a small business debtor and has not elected that subchapter V of chapter 11 apply." Id. § 101 (51C). Debtors amended petition in the First Case showed that Debtors were choosing to proceed under Subchapter V of Chapter 11 (First Case Doc. 1). The Debtors were "small business debtors," but it was not a "small business case." Therefore, section 362(n) does not apply here.

Movants also cited to 11 U.S.C. § 362(d)(4)(B). Section 362(d)(4)(B) requires a court to grant relief "with respect to a stay of an act against real property … by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting such real property." Id. § 362(d)(4)(B).

> It is well-settled that a debtor need not admit to having engaged in a scheme to hinder or delay creditors—the Court can draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, and the timing of those filings. 'Courts have consistently recognized that repeated bankruptcy filings made on the eve of successive foreclosure attempts constitute strong evidence of an intent to delay and hinder secured creditors from collection.'

In re Kearns, 616 B.R. 458, 467 (Bankr. W.D.N.Y. 2020) (citations omitted).

The Debtors' First Case was filed just nine days after MidWestOne filed a petition for foreclosure of real property in the Iowa District Court for Benton County (Case no. EXCV010781). Only one creditor—MidWestOne—was initially listed on the Debtors' petition in the First Case (First Case Doc. 1). Similarly, the Debtors' petition in this case listed only MidWestOne and Ag Resource Management (Doc. 1). The second petition was filed shortly after MidWestOne began executing on a writ of replevin issued by the clerk of court for the Iowa District Court for Benton County (Case no. EQCV010768). The timing of these filings alongside the Debtors' initial listing of (and notice to) only those creditors actively seeking foreclosure or

replevin is enough for this Court to conclude that the filing of the petition in this case was part of a scheme to delay, hinder, or defraud creditors. <u>See, e.g.</u> <u>In re Merlo</u>, 646 B.R. 389, 395 (Bankr. E.D.N.Y. 2022) ("[A]n intent to hinder, delay or defraud the secured creditor may be inferred solely from the existence of multiple, strategically time bankruptcy filings.") (citation omitted). Debtors have not convinced the Court otherwise. In fact, Debtors have repeatedly asked the Court to continue hearings on the motions at issue to give them more time to respond. Despite the Court granting numerous continuances, Debtors have not filed a substantive reply to the motions. This further suggests that the Debtors are using this proceeding to delay or hinder the movants' exercise of the rights available to them under state law. For these reasons, the Court must grant the Motions for Relief from Stay.

### IV.  Conclusion/Order

**IT IS ORDERED**, MidWestOne Bank's Motion for Relief from Stay is **GRANTED**.

**FURTHER**, U.S. Bank National Association's Motion for Relief from Stay is **GRANTED**.

Ordered:
May 6, 2025

Thad J. Collins
Chief Bankruptcy Judge

5